JOHN A. NELSON *et al.* V. THE STATE OF KANSAS.

CRIMINAL CASE — *Recognizance, Not Invalid.* A recognizance in a criminal case which recites that the defendant was granted a new trial, and that he enter into a good and sufficient recognizance in the sum of $500 for his appearance at the next regular term of this court, to be held at Lyndon, Kansas, October 4th, 1881, and that he shall not depart the same without leave, is not invalid because in another part it requires him to appear before the judge of said court to answer the information filed against him in said court.

*Error from Osage District Court.*

ACTION on a forfeited recognizance. The case is stated in the opinion.

*Ellis Lewis,* and *L. T. Wilson,* for plaintiffs in error.

*L. B. Kellogg,* attorney general, for defendant in error.

Opinion by SIMPSON, C.: This is an action on a forfeited recognizance, commenced in the district court of Osage county on the 21st day of February, 1882. The trial was had at the November term of that court, in 1887. The recognizance was in the words and figures following:

"Whereas, on the 7th day of April, 1881, the above-named cause came on to be heard, a jury was impaneled and the evi-

dence produced, and on the 7th day of April, 1881, a verdict of guilty was rendered against defendant by the said jury; that on the 28th day of April, 1881, an order of the above-named court was made setting aside the said verdict of guilty, as rendered against the defendant, and that the defendant have a new trial, and that the defendant enter into a good and sufficient recognizance in the sum of $500 for his appearance at the next regular term of this court to be held at Lyndon, Kansas, October 4, 1881, and that he shall not depart the same without leave: now we, the undersigned residents of said Osage county, Kansas, acknowledge ourselves to be indebted and bind ourselves severally and jointly to the state of Kansas, in the sum of $500, that the said defendant, John Womack, shall be and appear before the judge of said court to answer the information filed against him in said case in said court, and abide the judgment of said court, and not depart the same without leave.

J. A. NELSON.
WM. J. HOLLENBECK.
LEWIS X A. OGLE.
His mark.
B. F. GOFF."

A trial was had by the court, a jury being waived, and the court made the following findings of fact and conclusions of law:

FINDINGS OF FACT.

"1. On the 16th day of March, 1881, a complaint was made to E. G. Louk, a justice of the peace of Osage county, Kansas, charging John Womack with the crime of an assault with intent to kill, upon which complaint a warrant was issued by said justice, and by virtue of which warrant the said John Womack was arrested and brought before said justice for preliminary examination, and that thereupon on said 16th day of March, 1881, the state of Kansas being present by S. B. Bradford, county attorney of Osage county, and said John Womack being present in person and by F. S. Singletary, his attorney, the said John Womack waived a preliminary examination, and he was thereupon by said justice required to enter into a recognizance in the sum of $500 for his appearance at the next term of the district court of said county of Osage, and in default of such recognizance that he be committed to the jail of said county until discharged ac-

cording to law; and that on the said 16th day of March, 1881, the said John Womack, having failed to enter into such recognizance was, by written order of commitment by said justice, ordered to be committed to the county jail of said county of Osage; and under such order of commitment was, by Wm. McBee, a constable, delivered into the jail of said county.

"2. Afterward, on the 5th day of April, 1881, an information was filed against the said John Womack in the district court of Osage county, charging him with the crime of an assault with intent to kill.

"3. On the 7th day of April, 1881, the said John Womack, being present in open court, with Ellis Lewis and F. S. Singletary, his counsel, entered a plea of not guilty, to the charge contained in said information, and was thereupon duly tried for said offense, and was by the verdict of the jury, on the 8th day of April, 1881, found guilty, as charged in the information.

"4. A motion for a new trial was duly filed in said case, upon the hearing of which motion, on the 28th day of April, 1881, a new trial was granted by the court, and at the same time it was ordered by the court that the amount of defendant's bail be fixed at $500, and that the case be continued until the next term.

"5. On the 6th day of May, 1881, the defendants in this action, John A. Nelson, Wm. J. Hollenbeck, Lewis A. Ogle and B. F. Goff, executed the recognizance sued upon in this action, a copy of which is set out in the petition in this case, and on the 18th day of May, W. H. Smith, sheriff of said county of Osage, approved said recognizance and released the said John Womack from his custody.

"6. From the 16th day of March, 1881, when the said John Womack was committed to the jail of said county of Osage, until the 18th day of May, 1881, he, the said John Womack, had not been discharged from said jail, and during all that time he remained in said jail and in the custody of the sheriff of said county of Osage.

"7. On the 18th day of May, 1881, W. H. Smith was sheriff of said county of Osage.

"8. On the 5th day of October, 1881, and at the next term of the district court of said county of Osage, after said recognizance was entered into, the defendant having failed to appear before the court according to the terms of said recognizance, said recognizance was by the court declared forfeited."

CONCLUSIONS OF LAW.

"1. The said defendants are liable as sureties upon said recognizance.

"2. The state of Kansas is entitled to recover from said defendants jointly and severally the sum of $500, with interest thereon from the 5th day of October, 1881."

The cognizors bring the case here for review, and allege as error, first, that there was no allegation or showing that Womack was in the custody of the sheriff, or that the sheriff had any right to take the recognizance.

I. The petition alleges that this recognizance was executed and delivered to the sheriff of Osage county on the 18th day of May, 1881, after the adjournment of the court, for the purpose of procuring the release of the defendant, John Womack, from the custody of the sheriff. It also alleges the conviction of Womack at the April term, 1881, of the charge of intent to kill one Robert Reynolds; that on the 28th day of April, 1881, the court set aside the verdict and granted Womack a new trial, and held him to bail in the sum of $500. At the trial the sheriff was a witness on behalf of the state, and testified that in the month of May, 1881, he was holding the office of sheriff of Osage county; that he was keeper of the jail of the county; that he had the person of John Womack in custody, and that the recognizance was taken and approved by him. This was sufficient of itself, without reference to finding No. 6, as made by the court, and probably supports the finding; but if not, and the finding be discarded, it is amply sufficient to support the judgment.

II. The second objection is, that the recognizance requires the defendant Womack to appear before the judge of the court, instead of "at the regular term of this court." It does both; it recites that he was granted a new trial, and that "he was required to enter into a good and sufficient recognizance in the sum of $500 for his appearance at the next regular term of this court, to be held at Lyndon, Kansas, October 4, 1881, and that he shall not depart the same without leave"; so that, construing the whole instrument together, it is perfectly plain

that he was required to be in attendance at the next regular term, to be held on the 4th day of October, and to appear before the judge of said court to answer the information filed against him in said court. We think this recital, "before the judge," is such a defect in form, or omission of recital, as is contemplated in § 154 of the criminal code.

III. The last objection is, that the record shows a default to appear on the 5th of October, instead of on the 4th, and that there is no presumption that the court continued longer than the 4th day of October. There is no occasion for the aid of any presumption. At the trial, the journal entry of the proceedings of the court was produced and read, and it recited that on the 5th day of October, 1881, the case of The State v. Womack was called for trial, and that the defendant Womack came not; that he was called three times at the front door of the court-house, and made no appearance; and thereupon the recognizance was produced, and all of these plaintiffs in error called in the usual form, and then the court, by order, declared a forfeiture of the recognizance. This establishes conclusively that court was in session on the 5th of October; that the case against Womack was reached for trial; that he was called and did not appear; and that in consequence of his default, the bond was broken and declared forfeited. This is good enough for every purpose.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.